**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.                                                    No. 03-4037

BENNY RAY WASHINGTON,
             *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, District Judge.
(CR-02-37)

Submitted: July 28, 2003

Decided: October 22, 2003

Before WIDENER, NIEMEYER, and LUTTIG, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Carl J. Roncaglione, Jr., Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, John J. Frail, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Benny Ray Washington appeals the sentence imposed upon him following his conviction for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841 (2000). We have reviewed Washington's claims and affirm.

Washington's first claim on appeal is that the district court erred in its application of an enhancement for possession of a firearm in the course of the offense. *See U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (2001) (applying two-level enhancement). Washington claims that "the [G]overnment failed to present any evidence establishing Mr. Washington possessed, or even that a gun was present, in connection with any drug activity." (Appellant's br. at 11). This assertion is belied by the record. Washington confessed to possessing a weapon at the location from which he admitted distributing methamphetamine. Officers also discovered a holster and bullets in Washington's vehicle. Accordingly, we cannot conclude that it was "clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment. (n.3). We deny this claim.

Washington's remaining claim, that the district court did not comply with Fed. R. Crim. P. 32(i)(3)(B) (requiring district court to rule on disputed matters prior to imposing sentence), is likewise lacking in merit. Prior to sentencing Washington, the district court specifically denied Washington's objection, noting: "So I do think it is appropriate to attribute the possession of the firearm to the defendant in relation to the drug trafficking crime." (J.A. at 305). Any claim that the district court failed to comply with the rule is simply misplaced. Accordingly, we deny this claim.

We affirm Washington's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*